

# THE ATTORNEY GENERAL
## OF TEXAS

GeraldC. Mann

~~XXXXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL.

AUSTIN 11, TEXAS

March 22, 1939

Mr. R. C. Slagle, Jr.
Criminal District Attorney
Grayson County
Sherman, Texas

Opinion No. O-488
Re: Form of petition used
in seeking the calling of
a local option election

Dear Mr. Slagle:

Your letter of March 9, 1939, addressed to the Attorney General, has been referred to the writer for reply.

You request to be advised on the sufficiency of a form of petition presented in your county, seeking a local option election.

Article 666, Section 32, Penal Code, among other things, provides:

"The commissioners' court of each county in the State upon its own motion may order an election to be held by the qualified voters in said county, to determine whether or not the sale of liquors shall be prohibited or legalized in such county, and such court shall order a local option election whenever petitioned to do so by as many as ten (10) per cent of the qualified voters of said county,*** taking the votes for Governor at the last preceding general election as the basis for determining the qualified voters in any such county, or political subdivision."

There is no particular form prescribed by statute for a petition to the commissioners' court for this purpose. The courts of this State have had few occasions to discuss the many phases of the State Liquor Control Act, and especially the election provisions contained therein.

Based upon the provisions of Article 666, Section 32, from which we have quoted, we conclude that the petition presented to us, which has been signed by many of your voters, contains all of the necessary requisites and is a sufficient compliance with the law. The statute was so written as to permit the citizens of a county to make known their wants to

Mr. R. C. Slagle, Jr., page 2

the commissioners' court in the form of a petition without
formality, and we feel that the courts of this State would
so hold. The important feature of the statute seems to be
that the petition must be signed by as many as ten per cent
of the qualified voters of said county, taking the votes
for Governor at the last preceding general election as the
basis for determining the qualified voters of any such
county. The commissioners' court can adopt any means it
thinks right and proper to ascertain if those signing the
petition were legal voters of said county, and whether or
not ten per cent of the qualified voters of said county had
signed the petition. See Akers, et al vs. Remington, et al.,
115 S.W. (2) 714.

Trusting that this answers your question, and with
kindest personal regards and best wishes to you and your en-
tire staff, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Claud O Boothman
Claud O. Boothman, Assistant

APPROVED
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

COB:s:wb